IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINSERV CASUALTY CORPORATION, and A.M.Y. PROPERTY & CASUALTY CORPORATION, | § § § § § | |
| *Plaintiffs*, | § § | |
| | § | C.A. NO. 4:12-cv-02708 |
| v. | § § | |
| SYMETRA LIFE INSURANCE COMPANY and SYMETRA ASSIGNED BENEFITS SERVICES COMPANY, | § § § § § | |
| *Defendants*. | § § | |

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must

1

disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendants in arriving at your verdict.

2

## DEFINITIONS

1. The term "A.M.Y" refers to Plaintiff A.M.Y. Property & Casualty Corporation.

2. The term "FinServ" refers to Plaintiff FinServ Casualty Corporation.

3. "Plaintiffs" refers to A.M.Y. and FinServ.

4. The term "3B" refers to RSL-3B-IL, Ltd. RSL-3B-IL, Ltd. does not have any claims in this trial.

5. The term "Rapid" refers to Liquidated Marketing, Ltd. formerly known as Rapid Settlements, Ltd. Rapid does not have any claims in this trial.

6. Rapid is an affiliate of A.M.Y., Finserv, and 3B.

7. The terms "Symetra" and "Defendants" refers to Defendants Symetra Life Insurance Company and Symetra Assigned Benefits Services Company.

8. The term "Disputed Payments" refers to the payments at issue in this lawsuit: the Reihs payment and the Meza payment. These are the payments for which Defendants Symetra paid less than the amount of the transferred annuity payments to A.M.Y. and FinServ because Symetra sought to set-off amounts owed to Symetra by 3B or Rapid.

3

9. Stewart Feldman is present as an officer of A.M.Y. and the manager of FinServ. He is not a party to this lawsuit.

## INSTRUCTION NO. 1 – BURDEN OF PROOF

Plaintiffs A.M.Y. and FinServ have the burden of proving their claim that Symetra had notice of 3B's assignment of the Disputed Payments. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs A.M.Y. and FinServ have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

Defendant Symetra has the burden of proving its affirmative defenses of alter ego and fraudulent transfer by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Defendant Symetra has failed to prove any element of its defenses by a preponderance of the evidence, then it may not recover on that defense.

## INSTRUCTION NO. 2 – EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## <u>INSTRUCTION NO. 3</u> – <u>WITNESSES</u>

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

7

## <u>INSTRUCTION NO. 4</u> – <u>EXPERT WITNESS</u>

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

# INSTRUCTION NO. 5

3B is not a participant in this trial. As jurors, it is your duty to consider the issues among the remaining parties: Symetra, A.M.Y., and FinServ.

## JURY QUESTIONS

## QUESTION NO. 1

**A.M.Y. and FinServ have the burden of proof on this question.**

**Did Symetra receive notice that 3B assigned the Disputed Payments ~~to~~**

~~_Plaintiffs_~~ *B̸H.* **before the following dates?**

You are instructed that notice does not require actual knowledge. Notice means that Symetra had reason to know of an assignment based on all the facts and circumstances available to Symetra. Notice means a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed the underlying facts.

You are instructed that the word "assignment" includes granting a security interest. A secured creditor is considered an "assignee."

You are further instructed that notice must be authenticated by either the assignor or the assignee. "Authenticate" means to sign a document, or to mark or use a document in a way that shows intent to adopt the information in the document as one's own statements. An assignor is a party transferring an interest in the Disputed Payments, and an assignee is a party receiving an interest in the Disputed Payments.

10

1.  Before February 16, 2005?

Answer "Yes" or "No."

Answer: __Yes_____

**Only answer for the following date if you answered "No" to February 16, 2005.**

2.  Before October 11, 2011?

Answer "Yes" or "No."

Answer: _____

**Only answer for the following date if you answered "No" to October 11, 2011.**

3.  Before January 10, 2013?

Answer "Yes" or "No."

Answer: _____

Only answer the following Question if you answered "Yes" to any dates in Question No. 1. Otherwise, skip this question.

### QUESTION NO. 2

**Symetra has the burden of proof on this question.**

**Is A.M.Y. responsible for the conduct of 3B?**

You are instructed that A.M.Y. is responsible for the conduct of 3B if: 3B was organized and operated as a mere tool or business conduit of A.M.Y.; there was such unity between 3B and A.M.Y. that the separateness of 3B had ceased and holding only 3B responsible would result in injustice; and A.M.Y. caused 3B to be used for the purpose of perpetrating and did perpetrate an actual fraud on Symetra primarily for the direct personal benefit of A.M.Y.

In deciding whether there was such unity between 3B and A.M.Y. that the separateness of 3B had ceased, you are to consider the total dealings of 3B and A.M.Y., including—

1. the degree to which 3B's property had been kept separate from that of A.M.Y.;

2. the amount of financial interest, ownership, and control A.M.Y. maintained over 3B; and

3. whether 3B has been used for personal purposes of A.M.Y.

Answer "Yes" or "No."

Answer: __NO__

Only answer the following Question if you answered "Yes" to any dates in Question No. 1. Otherwise, skip this question.

## QUESTION NO. 3

**Symetra has the burden of proof on this question.**

**Is FinServ responsible for the conduct of 3B?**

You are instructed that FinServ is responsible for the conduct of 3B if: 3B was organized and operated as a mere tool or business conduit of FinServ; there was such unity between 3B and FinServ that the separateness of 3B had ceased and holding only 3B responsible would result in injustice; and FinServ caused 3B to be used for the purpose of perpetrating and did perpetrate an actual fraud on Symetra primarily for the direct personal benefit of FinServ.

In deciding whether there was such unity between 3B and FinServ that the separateness of 3B had ceased, you are to consider the total dealings of 3B and FinServ, including—

1. the degree to which 3B's property had been kept separate from that of FinServ.;

2. the amount of financial interest, ownership, and control FinServ maintained over 3B; and

3. whether 3B has been used for personal purposes of FinServ.

14

Answer "Yes" or "No."

Answer: ___NO___

15

Only answer the following Question if you answered "Yes" to any dates in Question No. 1. Otherwise, skip this question.

## QUESTION NO. 4

**Symetra has the burden of proof on this question.**

**Did 3B transfer to A.M.Y. a security interest in 3B's assets with actual intent to hinder, delay, or defraud Symetra?**

In determining actual intent, you may consider, among other factors, whether—

1. The transfer was to an insider.

2. 3B retained possession or control of the property transferred after the transfer.

3. The transfer was concealed.

4. Before the transfer was made, 3B had been sued or threatened with suit.

5. The transfer was of substantially all of 3B's assets.

6. 3B absconded.

7. 3B removed or concealed assets.

8. The value of the consideration received by 3B was not reasonably equivalent to the value of the security interest transferred.

9. 3B was insolvent or became insolvent shortly after the transfer was made.

16

10. The transfer occurred shortly before or shortly after a substantial debt was incurred.

11. 3B transferred the essential assets of the business to a lienor who transferred the assets to an insider of 3B.

You are instructed that A.M.Y. and FinServ do not dispute that they qualify as "insiders" of 3B.

You are further instructed that 3B is "insolvent" if the sum of 3B's debts is greater than all of its assets at a fair valuation. An entity who is generally not paying its debts as they come due is presumed to be insolvent.

Answer "Yes" or "No."

Answer: __No__

Only answer the following Question if you answered "Yes" to any dates in Question No. 1. Otherwise, skip this question.

## QUESTION NO. 5

**Symetra has the burden of proof on this question.**

**Did 3B transfer to FinServ a security interest in 3B's assets with actual intent to hinder, delay or defraud Symetra?**

In determining actual intent, you may consider, among other factors, whether—

1. The transfer was to an insider.

2. 3B retained possession or control of the property transferred after the transfer.

3. The transfer was concealed.

4. Before the transfer was made, 3B had been sued or threatened with suit.

5. The transfer was of substantially all of 3B's assets.

6. 3B absconded.

7. 3B removed or concealed assets.

8. The value of the consideration received by 3B was not reasonably equivalent to the value of the security interest transferred.

9. 3B was insolvent or became insolvent shortly after the transfer was made.

18

10. The transfer occurred shortly before or shortly after a substantial debt was incurred.

11. 3B transferred the essential assets of the business to a lienor who transferred the assets to an insider of 3B.

You are instructed that A.M.Y. and FinServ do not dispute that they qualify as "insiders" of 3B.

You are further instructed that 3B is "insolvent" if the sum of 3B's debts is greater than all of its assets at a fair valuation. An entity who is generally not paying its debts as they come due is presumed to be insolvent.

Answer "Yes" or "No."

Answer: __NO__

19

## INSTRUCTIONS ON DELIBERATIONS

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on

the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

_____

The Honorable David Hittner
United States District Judge